UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY J. TOWNSEND,<br><br>                Petitioner,<br>    v.<br><br>SCOTT SPEER,<br><br>                Respondent. | CASE NO. 3:25-cv-05114-KKE-GJL<br><br>ORDER TO SHOW CAUSE |

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Roy J. Townsend, proceeding *pro se*, has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1),[1] a Proposed Petition (Dkt. 1-2), and other Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5).

Upon review, it appears Petitioner is not entitled to relief in this Court because the Proposed Petition raises unexhausted claims and was filed after expiration of the appliable limitations period. Accordingly, the Court **DECLINES** to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules") and, instead,

---

[1] The Court defers decision on the IFP Motion until after Petitioner responds to this Show Cause Order.

ORDER TO SHOW CAUSE - 1

**ORDERS** Petitioner to **SHOW CAUSE** why the Proposed Petition should not be **DISMISSED** for failure to exhaust and as time barred.

## I. BACKGROUND

Petitioner, who is currently in custody at Stafford Creek Corrections Center, challenges his state court conviction and sentence entered in *State of Washington v. Roy Townsend*, Superior Court of Washington for Mason County Case No. 96-00358-1. Dkt. 1-2 at 2. Petitioner seeks federal habeas relief from that conviction and sentence on the following grounds: (1) "miscalculation of offender score," "improper use of *nunc pro tunc* order," and "denial of access to DNA testing." Dkt. 1-2 at 3–4.

The Court now screens the Proposed Petition to determine whether it is appropriate to direct service upon Respondent.

## II. SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

### III.   DISCUSSION

Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to a state court judgment of conviction entered in *State of Washington v. Roy Townsend*, Superior Court of Washington for Mason County Case No. 96-00358-1. Therefore, 28 U.S.C. § 2254 is the only available mechanism for Petitioner to challenge his current state confinement in federal court. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). The Court construes the Proposed Petition as one filed pursuant to § 2254 and screens it under the standards imposed on such petitions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 *et seq*.

**A.   Failure to Exhaust State Court Remedies**

To obtain federal habeas relief under § 2254, a petitioner must demonstrate that each of his claims have been properly exhausted in the state courts. 28 U.S.C. § 2254(b)–(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotations and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a petitioner must

"fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review, before seeking federal habeas relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, Petitioner answers that he has not presented any of the grounds raised in his Proposed Petition for review by Washington State courts. Dkt. 1-2 at 1–2, 4 (answering "no" to whether Petitioner filed a direct appeal or petitions for collateral review). In various portions of the Proposed Petition, Petitioner contradicts this answer by referencing appeals and appellate counsel. *Id.* at 4, 6–7. Nevertheless, Petitioner has not shown he exhausted state court remedies on the grounds for federal habeas relief presented in the Proposed Petition.

**B.      Timeliness of Proposed Petition**

Next, it also appears the Proposed Petition is barred by the one-year statute of limitations applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run on "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A).

Where, as here, a habeas petitioner indicates he has not sought direct review of his conviction in state court, the state-court judgment becomes "final" when the time for seeking direct review in state court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012). Under Rule 5.2(a) of the Washington Rules of Appellate Procedure, criminal defendants are required to file a notice of appeal within thirty days after the trial court enters final judgment on their conviction and sentence. *See City of Snohomish v. Patric*, 56 Wash. 2d 38, 39, 350 P.2d 1009, 1010 (1960) (applying thirty-day rule to criminal defendants before enactment of current rules of appellate procedure).

Here, Petitioner states his final judgment and sentence was entered on August 6, 1997, which means the last day for Petitioner to file a notice of appeal was Friday, September 5, 1997. Dkt. 1-2 at 2. Therefore, the one-year limitations period for the Proposed Petition began running the following Monday and—absent any statutory or equitable tolling—the period for filing a timely habeas petition expired a year later on September 8, 1998. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (AEDPA's time limits are calculated in accordance with Fed. R. Civ. P. 6(a)). Petitioner signed his Proposed Petition on February 11, 2025, more than two decades after the likely expiration of AEDPA's one-year limitations period. Dkt. 1-2 at 8. Petitioner indicates he did not seek collateral review of his sentence or conviction in state court such that he would be entitled to statutory tolling. *Id.* at 4. Accordingly, it appears the Proposed Petition is untimely and barred pursuant to 28 U.S.C. § 2244(d)(1).

### IV.   CONCLUSION

Petitioner is **ORDERED** to **SHOW CAUSE** on or before **April 11, 2025**, why his Proposed Petition should not be **DISMISSED** for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)–(c) and as time barred under *See* 28 U.S.C. § 2244(d)(1). Petitioner **SHOULD NOT** attempt to show cause pursuant to 28 U.S.C. § 2241, as any attempt to show cause on that basis is unlikely to be successful.

Dated this 12th day of March, 2025.

Grady J. Leupold
United States Magistrate Judge