UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY J. TOWNSEND,

                          Petitioner,

            v.

SCOTT SPEER,

                          Respondent.

CASE NO. 3:25-cv-05114-KKE-GJL

REPORT AND RECOMMENDATION

Noting Date: **May 8, 2025**

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Roy J. Townsend, proceeding *pro se*, has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1), a Proposed Petition (Dkt. 1-2), and other Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 4, 5).

Following an initial screen of the Proposed Petition, the Court ordered Petitioner to **SHOW CAUSE** why this action should not be dismissed for failure to exhaust and as time barred. Dkt. 3. The undersigned concludes Petitioner has **FAILED** to show cause why this action is not subject to dismissal on either ground. Accordingly, the Court recommends that this action be **DISMISSED** and that Petitioner's IFP Motion (Dkt. 1) as well as all of his Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 4, 5) be **DENIED as moot**.

REPORT AND RECOMMENDATION - 1

# I.   BACKGROUND

Petitioner, who is currently in custody at Stafford Creek Corrections Center, challenges his state court conviction and sentence entered in *State of Washington v. Roy Townsend*, Superior Court of Washington for Mason County, Case No. 96-00358-1. Dkt. 1-2 at 2. Petitioner seeks federal habeas relief from his decades-old conviction and sentence on the following grounds: "miscalculation of offender score," "improper use of *nunc pro tunc* order," and "denial of access to DNA testing." Dkt. 1-2 at 3–4.

# II.   SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. Race v. Salmonsen, 131 F.4th 792, 794 (9th Cir. 2025) (reversing sua sponte dismissal under Rule 4 where petitioner received first notice of untimeliness issue in order of dismissal).

A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

### III.      DISCUSSION

Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to a ***state court*** judgment of conviction entered in *State of Washington v. Roy Townsend*, Superior Court of Washington for Mason County Case No. 96-00358-1. Therefore, 28 U.S.C. § 2254 is the only available mechanism for Petitioner to challenge his current state confinement in federal court. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). As such, the Proposed Petition is construed as one filed pursuant to § 2254 and must comply with the standards imposed on such petitions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 *et seq.*

Under this construction, the undersigned finds the Proposed Petition should be dismissed for two reasons: (A) Petitioner has not exhausted state court remedies and (B) his claims appear to be barred by the one-year statute of limitations.

### A.      Failure to Exhaust

First, Petitioner has failed to show cause why this action should not be dismissed for failure to exhaust state court remedies. As explained in the Court's Show Cause Order:

To obtain federal habeas relief under § 2254, a petitioner must demonstrate that each of his claims have been properly exhausted in the state courts. 28 U.S.C. § 2254(b)–(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotations and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a petitioner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review, before seeking federal habeas relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, Petitioner answers that he has not presented any of the grounds raised in his Proposed Petition for review by Washington State courts. Dkt. 1-2 at 1–2, 4 (answering "no" to whether Petitioner filed a direct appeal or petitions for collateral review). In various portions of the Proposed Petition, Petitioner contradicts this answer by referencing appeals and appellate counsel. *Id.* at 4, 6–7. Nevertheless, Petitioner has not shown he exhausted state court remedies on the grounds for federal habeas relief presented in the Proposed Petition.

Dkt. 3 at 3–4. Because Petitioner provided inconsistent information regarding any direct appeal and collateral review(s) he may have filed in state court, he was ordered to show cause why this action should not be dismissed for failure to exhaust. *Id.* In response to the Court's Show Cause Order, Petitioner filed a Proposed Motion to stay these proceedings while he exhausts state court remedies.[1] Dkt. 5. The Proposed Motion does not address the inconsistent representations Petitioner made about potential exhaustion activity in his Proposed Petition. *Id.* Instead, Petitioner merely concedes that he has not yet exhausted all grounds for relief raised in his Proposed Petition and represents that he is currently requesting post-conviction DNA testing in Washington state court. *Id.* at 1–2. Petitioner requests that these federal habeas proceedings be stayed until he can fully exhaust the ground for relief outlined in the Proposed Petition. *Id.*

---

[1] Petitioner also filed a Proposed Motion requesting that the District Court exercise discretion in bypassing the Report and Recommendation procedures in this action. *See* Dkt. 4. However, this Proposed Motion is not responsive to the Court's Show Cause Order.

REPORT AND RECOMMENDATION - 4

District courts may use a "stay-and-abeyance" procedure while a petitioner exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir. 1998). Use of this procedure is inappropriate where a petitioner has not demonstrated good cause for "failure to exhaust all claims first in state court" or where the petitioner's unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277 (noting that a district court abuses its discretion when it stays federal habeas proceedings to permit exhaustion of clearly meritless claims).

Although Petitioner requests a stay so that he may fully exhaust his state court remedies, he has not demonstrated *good cause* for failure to exhaust in state court before filing this federal habeas action. Therefore, the undersigned finds it would not be appropriate to stay these proceedings. In addition, given Petitioner's failure to show cause why his claims should not be dismissed on exhaustion grounds, the undersigned finds the Proposed Petition should be dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)–(c).

## B.    Statute of Limitations

Second, even if Petitioner had exhausted his state court remedies, he has also failed to show that the Proposed Petition is not barred by the one-year statute of limitations applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). As previously explained:

> The one-year limitation period begins to run on "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A).
>
> Where, as here, a habeas petitioner indicates he has not sought direct review of his conviction in state court, the state-court judgment becomes "final" when the time for seeking direct review in state court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012). Under Rule 5.2(a) of the Washington Rules of Appellate Procedure, criminal defendants are required to file a notice of appeal within thirty days after the trial court enters final judgment on their conviction and sentence. *See City of Snohomish v. Patric*, 56 Wash. 2d 38, 39, 350 P.2d 1009, 1010 (1960)

(applying thirty-day rule to criminal defendants before enactment of current rules of appellate procedure).

Here, Petitioner states his final judgment and sentence was entered on August 6, 1997, which means the last day for Petitioner to file a notice of appeal was Friday, September 5, 1997. Dkt. 1-2 at 2. Therefore, the one-year limitations period for the Proposed Petition began running the following Monday and—absent any statutory or equitable tolling—the period for filing a timely habeas petition expired a year later on September 8, 1998. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (AEDPA's time limits are calculated in accordance with Fed. R. Civ. P. 6(a)). Petitioner signed his Proposed Petition on February 11, 2025, more than two decades after the likely expiration of AEDPA's one-year limitations period. Dkt. 1-2 at 8. Petitioner indicates he did not seek collateral review of his sentence or conviction in state court such that he would be entitled to statutory tolling. *Id.* at 4. Accordingly, it appears the Proposed Petition is untimely and barred pursuant to 28 U.S.C. § 2244(d)(1).

Dkt. 3 at 4–5.

For these reasons, Petitioner was directed to show cause why this action should not be dismissed as time barred. *Id.* As stated, Petitioner filed two Proposed Motions after he was ordered to show cause. Dkts. 4, 5. Neither demonstrates that Petitioner is entitled to statutory or equitable tolling such that his more-than-two-decades long delay in filing his Proposed Petition would be excused. Although Petitioner argues he was "not aware" new methods of DNA testing were available through Washington state courts, Dkt. 4 at 2, a *pro se* petitioner's ignorance or confusion about the law is not an "extraordinary circumstance" warranting application of the equitable tolling doctrine. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012–13 (9th Cir. 2009).

Therefore, the undersigned finds the Proposed Petition is also subject to dismissal under the one-year limitations period put forth in 28 U.S.C. § 2244(d)(1).

## IV.    CERTIFICATE OF APPEALABILITY

Because the Proposed Petition is treated as one seeking post-conviction relief under 28 U.S.C. § 2254, Petitioner may only appeal the dismissal of his federal habeas petition after

obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § (c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate that the Proposed Petition is subject to dismissal for failure to exhaust and under the applicable statute of limitations. As a result, Petitioner is not entitled to a certificate of appealability with respect to his Proposed Petition.

## V.    CONCLUSION

For the above stated reasons, the undersigned recommends this action be **DISMISSED without prejudice** for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)–(c). It is also recommended this action be **DISMISSED with prejudice** as time barred under 28 U.S.C. § 2244(d)(1). Finally, the undersigned recommends Petitioner's IFP Motion (Dkt. 1) and all Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 4, 5) be **DENIED as moot** and a certificate of appealability be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

1  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 8,**

2  **2025**, as noted in the caption.

3

4    Dated this 23rd day of April, 2025.

5

6    _____

7    Grady J. Leupold
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 8