UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROY TOWNSEND,<br><br>                Petitioner,<br><br>   v.<br><br>SCOTT SPEER,<br><br>                Respondent. | CASE NO. C25-5114-KKE-GJL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Magistrate Judge Grady J. Leupold's Report and Recommendation ("R&R") to dismiss the Petition for Habeas Corpus. Dkt. No. 6. After granting Petitioner additional time to object to the R&R, and considering Petitioner's objections (Dkt. No. 7) and supplemental objections (Dkt. No. 9), the Court adopts the R&R and dismisses the Petition with prejudice.

On February 11, 2025, Petitioner filed a motion to proceed *in forma pauperis* (Dkt. No. 1) and a proposed petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1-2). Petitioner seeks relief from his 1997 conviction and sentence for first degree murder on three bases: miscalculation of his offender score, improper use of a nunc pro tunc order, and denial of access to DNA testing. Dkt. No. 1-2 at 2–4. The Petition states Petitioner did not appeal from the judgment or sentence but also references appellate counsel. *Id.* 2–3, 7.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

On March 12, 2025, Judge Leupold ordered Petitioner to show cause why the "Petition should not be DISMISSED for failure to exhaust and as time barred." Dkt. No. 3 at 2. On March 19, 2025, Petitioner filed a proposed motion to waive the report and recommendation process and "requests that the District Court judge directly consider and rule on the merits of his 28 U.S.C. § 2241 petition to ensure an expedited and efficient resolution of the constitutional claims raised." Dkt. No. 4 at 1. On April 14, 2024, Petitioner filed a proposed motion to stay these proceedings "pending exhaustion of state court remedies[.]" Dkt. No. 5 at 1. Petitioner represents that there is "a pending motion for post-conviction DNA testing recently filed in Mason County Superior Court pursuant to RCW 10.73.170." *Id.*

On April 23, 2025, Judge Leupold entered the R&R. Dkt. No. 6. Judge Leupold considered the Petition under the 28 U.S.C. § 2254 standard and recommended the Petition be dismissed without prejudice for failing to exhaust state court remedies because Petitioner has a pending state court case regarding his conviction. *Id.* at 4–5. Judge Leupold also recommended dismissal with prejudice because the Petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) and Petitioner did not show equitable or statutory tolling applied. *Id.* at 5–6. The R&R further recommended denying all pending motions and requests as moot and that a certificate of appealability be denied. *Id.* at 7.

Petitioner filed objections to the R&R which included a request for an extension to file additional objections. Dkt. No. 7. The Court granted the request for an extension. Dkt. No. 8. Petitioner filed supplemental objections. Dkt. No. 9. The Court considers Petitioner's objections to each ground for dismissal in turn. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.")

First, the Court considers Petitioner's objections to dismissal due to his failure to exhaust state court remedies. Petitioner objects to such dismissal because his "post-conviction litigation in Mason County Superior Court" is pending. Dkt. No. 7 at 2; *see also* Dkt. No. 9 at 1–2 (citing 28 U.S.C. § 2254(b)(1)(B)(ii)). Petitioner also objects to the R&R's denial of his motion to stay this proceeding while his state court case is pending (Dkt. No. 5) because Petitioner argues he meets the factors under *Rhines v. Weber*, 544 U.S. 269 (2005). Dkt. No. 9 at 3. Petitioner also states in his supplemental objection that "some of his claims…were addressed by the Washington Supreme Court." *Id.* at 1–2. The Court adopts the R&R's dismissal without prejudice for failure to exhaust state court remedies. Petitioner acknowledges he has a pending case in state court arising from this conviction and sentence, thus state court remedies are not exhausted. *See Murphy-Richardson v. Att'y Gen.*, No. 22-15001, 2024 WL 359371, at *1 (9th Cir. Jan. 31, 2024) (claim is not exhausted when post-conviction petition is pending in superior court). While the exact nature of the current appeal and any prior appeals in state court is not clear, it is Petitioner's burden to show exhaustion. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (finding district court should have dismissed habeas petition for failure to exhaust when "there is nothing in the record to show that he sought review in the Oregon Supreme Court"). Lastly, the Court also adopts the R&R's denial of Petitioner's motion to stay under *Rhines* because Petitioner does not identify good cause for failing to raise his state claims before bringing this Petition. *See generally Banks v. Allison*, No. 22-55512, 2025 WL 1701221 (9th Cir. June 18, 2025) (applying the *Rhines* standard and emphasizing a stay and abeyance should only be applied in limited circumstances).

Second, the Court considers the dismissal of the Petition as time barred. Dkt. No. 6 at 5–6. In the order to show cause, Judge Leupold explained that Petitioner's deadline to file his habeas petition expired on September 8, 1998 and that Petitioner "indicates he did not seek collateral review of his sentence or conviction in state court such that he would be entitled to statutory

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

tolling." Dkt. No. 3 at 5. The R&R addressed and dismissed the only argument for equitable tolling raised in Petitioner's subsequent filings and explained "a *pro se* petitioner's ignorance or confusion about the law" does not warrant tolling. Dkt. No. 6 at 6. Petitioner objects to this recommendation and argues he is currently seeking post-conviction relief, he recently discovered the basis for his miscalculated offender score and improper nunc pro tunc order, and that the statute of limitations should be tolled due to his lack of access to critical evidence, prior ineffective assistance of counsel, his pro se and incarcerated status, and his active diligence. Dkt. No. 7 at 3; *see also* Dkt. No. 9 at 2. The Court agrees with Judge Leupold that the Petition is untimely because, without any evidence of Petitioner's exhaustion of state court remedies, the state-court judgment became final in 1998, and this Petition was not filed until "more than two decades after the likely expiration of [the] one-year limitations period." Dkt. No. 6 at 5–6 (quoting Dkt. No. 3 at 5). The Court also agrees that Petitioner fails to meet his burden to show equitable tolling applies, which requires showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (cleaned up). Dispositively, Petitioner does not provide any explanation for how he has acted diligently. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003), *as amended on denial of reh'g* (June 20, 2003) ("Given his lack of diligence in exhausting his claims, Guillory is not entitled to equitable tolling."). The Court dismisses the Petition with prejudice as untimely.

Lastly, the Court adopts the R&R's remaining recommendations to deny a certificate of appealability and to deny Petitioner's pending proposed motions as moot because Petitioner does not raise any objections that the Court has not already discussed. Dkt. No. 6 at 7.

///

///

///

The Court ORDERS:

1. The Court adopts the Report and Recommendation. Dkt. No. 6
2. Petitioner's federal habeas Petition is unexhausted under 28 U.S.C. § 2254(b)–(c) and untimely and barred pursuant to 28 U.S.C. § 2244(d)(1). Because the Petition is time barred, dismissal is with prejudice.
3. Petitioner's IFP Motion (Dkt. No. 1) and all other Proposed Motions and Requests (Dkt. Nos. 1-3, 1-4, 1-5, 4, 5) are denied as moot.
4. A certificate of appealability is denied in this case.

The Clerk is instructed to close the case.

Dated this 8th day of July, 2025.

Kymberly K. Evanson
United States District Judge